UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA MARSH,<br>　　　　Plaintiff,<br>　　v.<br>BLOOMBERG INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-02647-MEJ<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 23 |

## INTRODUCTION

Plaintiff Amanda Marsh alleges she was subjected to sexual harassment by her supervisor, Mr. Musolf, and constructively terminated from her position in Sales Support at Bloomberg Media in San Francisco, California. *See* Compl., Dkt. No. 1. Pending before the Court is the parties' joint Letter Brief regarding Defendants' responses to two of Plaintiff's requests for production ("RFPs"). *See* Ltr. Br., Dkt. No. 23. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015

amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

**DISCUSSION**

Plaintiff's RFP No. 23 asks Defendants to produce "[a]ny and all documents relating to any investigations Defendants conducted related to sexual harassment or gender discrimination in the workplace." *See* RFPs at 10, Dkt. No. 24. In the Letter Brief, the parties describe RFP No. 23 as requesting "all complaints regarding gender discrimination, unfair pay or sexual harassment" (Ltr. Br. at ECF p.2), which is different than what is sought in RFP No. 23. The parties do not clarify whether their description of the RFP in the Letter Brief is the result of their efforts to narrow their disputes during meet and confer discussions. The undersigned will analyze the RFP as the parties describe it in the brief rather than as written. RFP No. 26 asks Defendants to produce "[a]ny and all settlement agreements or other releases of liability entered into with employees, or former employees, of Defendants concerning allegations of gender discrimination, unequal pay, or sexual harassment." *Id*. at 11. The requests are not limited to time or geographic scope (*see* RFPs), but Plaintiff indicates in the Letter Brief that she does not "seek any documents from non-U.S. locations" (Ltr. Br. at ECF p.3).

2

1    Defendants object to the RFPs on a number of grounds, including the privacy rights of third parties, the confidentiality of settlement agreements, irrelevance, and lack of proportionality. Defendants have offered to produce complaints of sexual harassment/gender discrimination against Mulof "and those higher in the Media Division management chain: Keith Grossman (Head of US Sales), Jacki Kelly (COO, Media Operation) and Justin B. Smith (Head of Media – Sales and Operation)." *Id.*

Plaintiff argues RFP Nos. 23 and 26 request documents that are "especially relevant" because Defendants "have a long history of allegations of gender discrimination" and that the documents are admissible as "me too" evidence. Defendant argues "me too" evidence is not admissible unless employees are similarly situated (i.e., they work in the same department and are supervised by the same person), and that the requests are not proportional to the needs of the case. Defendants further argue the requests violate third party privacy and confidentiality rights.

Plaintiff fails to address how her requests are proportional to the needs of the case. *See* Ltr. Br. at ECF pp. 2-4. Plaintiff does not address "the amount in controversy . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Defendants do (*id.* at 5); furthermore, Plaintiff does not respond to Defendants' representation that the amount in controversy is limited to attorneys' fees and possibly emotional distress damages. Even as limited in the Letter Brief, Plaintiff's RFPs purport to require Defendants to undertake a search of offices in San Francisco, Chicago, and New York (as well as any other locations Bloomberg may have in the United States) over an unlimited period of time; Plaintiff's assertion that Defendants already maintain complaints in a central file is unsupported (*see* Ltr. Br. at ECF p.3). Plaintiff's position that privacy concerns only apply to California employees is also unsupported, as she fails to demonstrate that none of the other states in which Defendants operate have similar privacy laws. Plaintiff also fails to address the confidential nature of settlement agreements she requests in RFP No. 26, or explain why her need for such confidential documents outweighs the privacy interests of the parties who entered into them. She thus does not provide the Court with the information it needs to balance Plaintiff's interest in the discovery with the expectation of confidentiality of the

3

parties to confidential settlement agreements. *See MedImmune, L.L.C. v. PDL BioPharma, Inc.*, 2010 WL 3636211, at *2 (N.D. Cal. 2010) (Courts "must balance [one party's] interest in the discovery of potentially relevant information against [another party's] interest in protecting a settlement negotiated with the expectation of confidentiality.").

The undersigned finds the RFPs, even as limited in the Letter Brief, are not proportional to the needs of the case. Defendants shall produce the documents they propose in their compromise (Ltr. Br. at ECF p.6). In addition, they shall produce all sexual harassment/gender discrimination complaints filed about any person working in Bloomberg's San Francisco office, starting in December 2008 (five years before Plaintiff began her employ). The undersigned makes no finding as to the admissibility of these other complaints. Plaintiff has not demonstrated that her need for discovering confidential settlement agreements outweighs the need for confidentiality of the parties to those settlement agreements. However, Defendants shall produce any settlement agreements involving claims of gender discrimination, unfair pay, or sexual harassment that (1) do not contain a confidentiality provision; (2) relate to employees working in the San Francisco office, Grossman, Kelly, or Smith; and (3) were executed starting in December 2008. Defendants shall comply with applicable California privacy laws in producing the information and redact the names and other personal identifying information of complainants; if Defendants believe additional protections are necessary before such documents can be produced, they shall meet and confer with Plaintiff to resolve the issue and/or submit a proposed protective order to the Court. Defendants shall produce the documents described in this Order within 30 days.

**IT IS SO ORDERED.**

Dated: May 22, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge